# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DONALD R. MILLER, ) | |
| ) | Case No. 10-cv-4770 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| TRACY REED, JAMES ECCARDT, OFC. ) | |
| WOLFE, OFC. MICHELS and DET. LOUIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

After Miller presented his case-in-chief before a jury, all Defendants moved for a directed verdict pursuant to Fed. R. Civ. P. 50(a) arguing that Miller failed to establish a *prima facie* case for excessive force and failure to intervene. A motion for directed verdict should be granted only if all of the evidence, when viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. *Jackson v. Bunge Corp.*, 40 F.3d 239, 242 (7th Cir. 1994). For the following reasons, Defendants' motion for a directed verdict is granted as it pertains to Defendants Detective Tracy Reed, Officer Brian Michels and Detective Justin Louis. The motion is denied as to Defendants Detective James Eccardt and Officer Michael Wolfe.

*I. Excessive Force*

Miller claims that the Defendants used excessive force by tasering him in the thigh, punching and kicking him. In order to survive a motion for directed verdict on his excessive force claim, Miller must provide a sufficient amount of evidence to the Court that he will be able to prove, by a preponderance of the evidence, that (1) a Defendant used unreasonable force against him; and (2) because of Defendant's unreasonable force, he was harmed. Aside from Defendant Detective James Eccardt, who Miller alleges hit him in the face, and Defendant Officer Michael Wolfe, who admits to tasering Miller in his thigh, the Court finds that no evidence has been presented that any of the other Defendants used unreasonable force against him and, that because of said force, he was harmed. Moreover, Miller was unable to identify who

allegedly kicked him. As to Defendant Reed, Miller admitted that he played no role in the incident. Accordingly, Defendants Detective Tracy Reed, Officer Brian Michels and Detective Justin Louis are dismissed from this case.

## II. Failure to Intervene

With regard to Count II, Miller must make a *prima facie* case of each Defendants failure to intervene. An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *See also Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972). This is generally an issue for the trier of facts "unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise. *Yang,* 37 F.3d at 478 (citing *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994). Miller claims that because other named officers and/or detectives were in the vicinity at the time he was punched, and tased, that they could have prevented the harm.

The Court finds that when viewing the evidence in the light most favorable to Miller, there is no evidence to prove the elements of his failure to intervene claim, especially that any Defendant had a realistic opportunity to do something and failed to take a reasonable step to prevent harm. Miller testified that he was punched by Eccardt while he sat in a car alone with him. The Court finds that a reasonable jury could not possibly conclude that while Eccardt and Miller sat in a car alone, any of the other officers knew that Eccardt was about to punch Miller, or that excessive force would be used while any officer had sufficient time to intervene. It is undisputed that before Wolfe tased Miller, Wolfe yelled out twice to give him his arm or he would tase him. The Court finds that a reasonable jury could not possibly conclude that after the second time Wolfe warned Miller that any other officer had sufficient time to intervene.

The Court gives no consideration to Defendants' request for dismissal due to a change in Plaintiff's testimony. The inconsistencies referred to do not infer intent to testify falsely. *See Montano v. City of Chicago,* 535 F.3d 558 (7th Cir. 2008). Accordingly, Defendants' motion for a directed verdict regarding Count II is granted as to all Defendants.

**Conclusion**

The Defendants' oral motion for directed verdict is granted as it pertains to the failure to intervene claim for all Defendants. On the excessive force claim, Defendants Detective Tracy Reed, Officer Brian Michels and Detective Justin Louis are dismissed. The motion is denied as to Defendants Detective James Eccardt and Officer Michael Wolfe on the excessive force claim.*

IT IS SO ORDERED.
Date: June 13, 2014

                                              Sharon Johnson Coleman
                                              United States District Judge

*Regardless of this Court's ruling, the efforts of Brandon Helms, Wayne Hsiung, Thomas Pasternak, Thomas Rammer II and Amanda Streff on behalf of Donald Miller were outstanding. The Court greatly appreciates their appointed service.